WILLIAM HAYDEN ET AL. V. NICHOLAS FREDERICKSON.

FILED MAY 19, 1898. No. 8094.

1. **Sale: DESCRIPTION OF PROPERTY: EVIDENCE.** In an action on a contract for the sale of "all patterns that are staple and down to date," where no criterion was fixed by which to determine what patterns came within that description, it was error for the trial court to exclude evidence of competent witnesses regarding the standard usually adopted by the trade in selecting and purchasing such patterns.

2. ——: ——: ——: **QUESTION FOR JURY.** Evidence received without objection, examined and *held* sufficient to require a submission of the case to the jury.

ERROR from the district court of Douglas county. Tried below before BLAIR, J. *Reversed.*

*C. J. Smyth* and *T. J. Mahoney*, for plaintiffs in error.

*George W. Cooper, contra.*

SULLIVAN, J.

By this proceeding in error Hayden Bros. seek to reverse a judgment rendered against them by the district court of Douglas county in an action based on the following contract:

"This is to bear witness that Nicholas Frederickson has this day sold and delivered to Hayden Bros. a stock of linens, flannels, domestics, blankets, quilts, and all patterns that are staple and down to date, and everything belonging to the linen and domestic department of the Bell Department Store, of Omaha, Nebraska. It is hereby agreed and understood that said Hayden Bros. pay to said Nicholas Frederickson therefor cash at the completion of the inventory, at the rate of ninety (90) per cent of the original contract price of said goods, without discount. And it is further agreed that said Hayden

Bros. pay to Nicholas Frederickson the sum of $250 to bind the bargain at the signing of this agreement.

"Witness our hands this 16th day of September, 1893.

"NICHOLAS FREDERICKSON.

"HAYDEN BROS."

The verdict in favor of the plaintiff was returned in response to a peremptory direction of the trial court. The controversy results from the refusal of the defendants to accept and pay for the patterns mentioned in the contract. This refusal they attempted to justify at the trial on the ground that the patterns were not "staple and down to date." In making the invoice and ascertaining the patterns that answered the requirements of the contract the plaintiff used an album issued for the then current year by the manufacturer of the patterns. The contention now is that this album was the exclusive criterion by which to determine whether the patterns were "staple and down to date." The trial judge, it is quite evident, took this view of the matter, for he excluded the testimony of competent witnesses offered by the defendants for the purpose of showing that the patterns were not staple on account of the condition of the sealed envelopes in which they were contained and in which they would be kept until sold in the usual course of the retail trade. He also excluded evidence tending to prove that patterns are bought and sold exclusively upon the conditions of, and representations on, the envelopes in which they are inclosed, and that patterns contained in soiled, torn, or shop-worn envelopes are not considered, in that line of business, as salable and up to date. The refusal to receive and submit the proffered evidence to the jury was error, for which the judgment of the district court must be reversed. When the contract in question was made the defendants did not agree to accept the "Album of Fashions of the Universal Fashion Company" as an infallible standard by which to determine what patterns were staple and up to date; and there is no evidence whatever in the record to warrant

the assumption that it was accepted and recognized as such standard among merchants dealing in articles of this kind. On the contrary, it is shown that the fashions are constantly changing and that staple and unstaple patterns may be found on the same page of any fashion book. In the absence of any law, agreement, or binding usage among merchants, fixing an exclusive test by which to determine the question in dispute, the evidence of witnesses qualified by experience to speak on the subject is competent and should be received.

The court also erred in refusing to submit the case to the jury on the evidence admitted without objection. The testimony of Mr. Johnson, a witness for the defendants, was to the effect that he saw and examined the patterns; that they were all old styles and were neither merchantable nor up to date, some of them having hoopskirts and bustles. He also stated that Frederickson admitted to him that they had been purchased more than two years before the sale to Hayden Bros. This was clearly sufficient to raise an issue of fact for the decision of the jury, but it is probable the court considered it incompetent, as it was of the same character as the evidence excluded. For these errors the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.